374 F.2d 88
 The MANUFACTURERS LIGHT AND HEAT COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
United Gas Improvement Company, Intervenor,
Bangor Gas Company, Clearfield Gas and Fuel Company, Counties Gas Company, Curwensville Gas Company, Emmitsburg Gas Company, Jersey Shore Gas Company, Lock Haven Gas Company, Oxford Gas Company, Renovo Gas Company, Stroudsburg Gas Company, and Waynesboro Gas Company, Referred to as the Penn Fuel Companies, Intervenors.
 No. 15898.
 United States Court of Appeals Third Circuit.
 Argued February 6, 1967.
 Decided March 2, 1967.
 Rehearing Denied March 29, 1967.
 
 Tilford A. Jones, Washington, D. C. (Jones & Bastian, Washington, D. C., Edward B. Calland, Pittsburgh, Pa., John F. Sisson, New York City, on the brief), for petitioner.
 Joel Yohalem, Federal Power Commission, Washington, D. C. (Richard A. Solomon, General Counsel, Howard E. Wahrenbrock, Sol., Peter H. Schiff, Deputy Sol., Abraham R. Spalter, Asst. General Counsel, Cyril S. Wofsy, Attorney, Federal Power Commission, Washington, D. C., on the brief), for respondent.
 J. David Mann, Jr., Washington, D. C., for intervenor United Gas Improvement Co.
 Before HASTIE, FORMAN and SMITH, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This appeal has been taken from a letter order of the Federal Power Commission rejecting a report by Manufacturers Light and Heat Co. of its allocation and proposed distribution of refunds received from its suppliers of gas. The Commission concluded that the report disclosed a failure fully to comply with a controlling agreement that had been signed by Manufacturers and confirmed by the Commission in settlement of a rate proceeding.
 
 
 2
 The parties agree that the matter in dispute is the proper construction of a provision of the settlement agreement that "if * * * Manufacturers receives refunds [from its gas suppliers applicable to a stated period] * * * the appropriately allocable share of such refunds * * * shall be passed on to [its] wholesale customers. * * *"
 
 
 3
 The settlement agreement incorporated and was in part based upon an agreed computation of Manufacturers' cost of service, including its gas purchase cost, during a test year. However, Manufacturers contends that during the subsequent period covered by the refunds its actual average gas purchase cost was in fact higher than the predetermined cost used in the settlement agreement, and that it should be permitted to recoup this cost increase out of the refunds received from its suppliers before allocating and distributing the remainder of the refunds among its customers.
 
 
 4
 However, the settlement agreement does not say that the proper allocation of refunds shall be determined by a revision of the cost of service computation which the parties accepted as a basis for the settlement. Certainly, if Manufacturers had received no refunds from its suppliers it could not have imposed its increased cost of service upon its customers without obtaining a rate increase in the prescribed manner. Yet, in seeking to retain part of the refunds on account of such increased costs Manufacturers is claiming a benefit analogous to such a rate increase. Thus, we find no such inequity in disallowing the proposed retention of part of the refunds as would lead to the conclusion that the settlement agreement must have contemplated such an allocation.
 
 
 5
 We also think that, in determining how "the appropriately allocable share of the refunds" may properly be determined, a court should give substantial weight to the expert judgment of the Commission. The agreement does not on its face or by logically unavoidable implication require Manufacturers' method of calculation. Indeed, the agreement is as consistent with the Commission's construction as with Manufacturers'. In these circumstances, the Commission's judgment that a particular method of allocation is fair and at the same time was within the reasonable contemplation of the parties when they subscribed to the settlement agreement should not be lightly regarded.
 
 
 6
 There remains a contention of Manufacturers that it should be permitted to allocate part of the refunds to gas in storage that either became a capital asset or was not sold until after the expiration of the refund period. The Commission's position is that Manufacturers' present claim in this regard has not been substantiated but is not foreclosed in connection with whatever new report shall be filed in place of the rejected one. Without judging the merits of such an allocation, we conclude that the matter should be left open to permit whatever claim and proof Manufacturers may submit in connection with its revised report.
 
 
 7
 The order of the Commission, as construed in this opinion, will be affirmed.